RichardsoN, J.,
delivered the opinion of tbe court:
A motion bas been made in .this case to set aside the judgment dismissing the petition, and to enter one jiro forma in favor of the claimant for the amount of his demand, in order that the questions of law involved therein, which are to arise in many other cases now pending in this court, may be finally determined by the Supreme Court on appeal by the defendants, the claimants having no right of appeal because the amount in controversy in no one case exceeds three thousand dollars.
When by the Act March 3, 1863 (12 Stat. L., 765), this court was made a judicial tribunal, it was provided that either party might appeal to the Supreme Court from any final judgment or decree wherein the amount in controversy exceeded three thousand dollars, such appeals to be taken within ninety days after the rendition thereof; and that when the judgment or decree should affect a class of cases, or furnish a precedent for the future action of any Executive Department of the government in the adjustment of such class of cases, or a constitutional question, and such facts should be certified by the presiding justice, an appeal might be had on the part of the United States, without regard to the amount in controversy (sec. 5).
.At first the Supreme Court declined to take jurisdiction of any appeals, because the fourteenth section of the act, by necessary implication, gave to the Secretary of the Treasury authority ¡to revise the decisions of the court requiring payment of money, and thus denied to it the judicial power from the exercise of which appeals could be had (Gordon’s Case, 7 C. Cls. R., 1). Thereupon said fourteenth section was repealed by Act of March 17,1866 (14 Stat. L., 9), and the Supreme Court has since taken jurisdiction of appeals from this court in cases authorized by statute.
It soon became a mooted question whether appeals would lie in cases referred to the court by special acts in which such right was not specifically given, or were confined to cases under its general jurisdiction, as conferred by the Act March 3, 1863 (Pargoud's Case, 4 C. Cls. R., 349).
'Ey Act of June 25,1868, section 1 (15 Stat. L., 75), it was provided that an appeal should lie in behalf of the United States from all final judgments of the Court of Claims adverse to the United States, whether rendered by virtue of the general or any special *147 power or jurisdiction, under tlie limitations provided by law for other cases of appeal from said court.
The Supreme Court has since decided that the right of appeal on the one side and the other, as given by the acts which we have cited, extends to all cases under subsequent acts conferring additional jurisdiction on this court (Zellner’s Case, 9 Wall., 244; Vigo’s Case, 21 id., 648), and is inapplicable only when the judgment in favor of a claimant is not primarily payable by the United States, but is payable out of a specific fund, such as the Mexican indemnity fund (Atocha’s Case, 17 Wall., 439; Vigo’s Case 21, id, 648; Diekelman’s Case, 9 C. Cls. R., 320).
It will be observed that the act of June 25,1868, giving the right of appeal to the United States from all judgments adverse to the Government, restricted it to the limitations provided by law for other cases of appeal, which were that the amount in controversy must exceed three thousand dollars, or the case must be certified by the presiding justice to be one in which the decree would affect a class of cases, or furnish a precedent for thefuture action of any Executive Department, or raised a constitutional question. In revising the statutes, the commissioners, not aware, probably, of the questions which had given rise fr> that enactment, and supposing that it was passed in order to extend the right of appeal in favor of the United States to all cases without regard to the amount in controversy, omitted that limitation, and section 707 of the‘Be vised Statues now confers the right without such restriction.
It may be noted here, for convenience, although not material in this case, that there is still an error in that section (707) in its reference to section 1089 instead of 1086, ás it should be.
Thus the law, from the beginning unequal between the defendants and the claimants, was made more so by giving the right of appeal to the former in all cases, however small the amount in controversy, and to the latter only in cases involving an amount greater than three thousand dollars.
In some cases, where a decision affected the claims of a very large number of persons, no one of which was large enough to carry with it the right of appeal if rejected by this court, and where the construction of a statute of great public interest was involved, as in Martin’s Case (10 C. Cls. R., 276) and Driscoll’s Case (13 id., 15), we have entered -joro forma judgments against our fully-expressed opinions, in order that the questions dis- *148 cussecl might be reviewed by the Supreme Court ou appeal. In some other cases, also, where there was an equal division of opinion among the judges who sat therein, proforma judgments have been entered {McLean's Case, 12 id., 705; 13 id., 521).
A bill has been introduced in the present (Forty-fifth) Congress giving to claimants the right of appeal in cl.ass cases, without regard to the amount in controversy in any one case, under the restrictions and provisions therein specified, but it has never been acted upon.
Under these circumstances, we cannot extend the practice of entering proforma judgments. It is for Congress to make the laws and for this court to administer them as it finds them. With the propriety of any policy of the law-making power the court has nothing to do. The government can be sued only with its own consent and according to such rules and subject to such limitations as Congress in its wisdom sees fit to prescribe.
Without the consent of the Attorney-General or the Assistant Attorney-General, on behalf of the defendants, the court does not feel authorized to enter a pro forma judgment in favor of a claimant in any case in which the amount in controversy does not exceed three thousand dollars.
In the present case the motion has been examined by the Attorney-General, and he does not give his consent to a pro forma judgment for the claimant.
The motion is overruled.